GILBERTSON, Chief Justice
(dissenting).
[¶ 19.] I respectfully dissent. Blakney never argued to the circuit court that it unlawfully delegated its judicial authority to the CSO. Blakney also failed to properly raise the issue to this Court. Therefore, Blakney waived the issue of whether the circuit court unlawfully delegated its judicial authority.
[¶ 20.] “To preserve issues for appellate review litigants must make known to trial courts the actions they seek to achieve or object to the actions of the court, giving their reasons.” State v. Nelson, 1998 S.D. 124, ¶ 7, 587 N.W.2d 439, 443 (citing SDCL 23A-44-13). We adhere to this rule because circuit court judges “must be given an opportunity to correct any claimed error before we will review it on appeal.” State v. Henjum, 1996 S.D. 7, ¶ 13, 542 N.W.2d 760, 763 (citation omitted); see also Gabriel v. Bauman, 2014 S.D. 30, ¶ 23, 847 N.W.2d 537 (“Had the issue been specifically raised below, the parties would have had an opportunity to consider whether additional evidence was needed to decide the issue and certainly would have had an opportunity to brief the issue for the trial court’s consideration.” (emphasis added) (citation and quotation marks omitted)). Accordingly, issues not advanced to the circuit court will only be reviewed for plain error. Henjum, 1996 S.D. 7, ¶ 13, 542 N.W.2d at 763 (citations omitted); see also SDCL 23A-44-15 (“Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.”). But in order for this Court to analyze the merits of a plain error argument, the aggrieved party must present the issue to this Court. See SDCL 15-26A-60(6) (“The argument shall contain the contentions of the party with respect to the issues presented, the reasons there *201 fore, and the citations of the authorities relied on.”); see also State v. Fool Bull, 2009 S.D. 36, ¶ 46, 766 N.W.2d 159, 169 (citations omitted) (providing that Defendant-appellant waived the jury instruction issue because Defendant neither argued the issue nor cited any authority in his appellate brief); State v. Mulligan, 2007 S.D. 67, ¶ 25, 736 N.W.2d 808, 818 (citation omitted) (providing that plain error is inapplicable because the Defendant-appellant failed to request application of plain error in her appeal and that “it is elemental that we should limit our review to the arguments that are raised and briefed”). In addition, Blakney bears the burden of showing prejudice and must establish application of the plain error rule. State v. Beck, 2010 S.D. 52, ¶¶ 10-11, 785 N.W.2d 288, 293 (citations omitted).
[¶ 21.] The transcripts are clear: Blak-ney failed to raise the issue of unlawful judicial delegation to the circuit court. At no point during the three separate hearings did Blakney mention that the CSO should not have imposed the sex offender treatment condition. The majority opinion states that Blakney adequately raised the issue when he “made known to the circuit court that he disputed the imposition of sex offender treatment.”[4] However, Blak-ney’s statements did not make known to the circuit court that there was a potential unlawful delegation of judicial authority, but rather made known an objection based on the reasonableness of a probationary condition. These are separate inquiries— one addresses who is permitted to impose such a condition and the other addresses what the condition is. Blakney was given significant opportunity to raise the issue of unlawful judicial delegation; his failure to do so constitutes waiver. See Henjum, 1996 S.D. 7, ¶ 13, 542 N.W.2d at 763.
[¶ 22.] On appeal, Blakney ignores his failure to raise this issue below and does not make any mention of plain error in his appellate brief. Blakney’s failure to argue plain error on appeal clearly demonstrates he has not met his burden in establishing application of the plain error rule. Based on the foregoing analysis and a review of the record, I would affirm the circuit court’s revocation of Blakney’s suspended sentence.
[¶ 23.] WILBUR, Justice, joins this dissent.

. The record is unclear as to whether Blakney disputed the imposition of sex offender treatment or attempted to mitigate the sentence by explaining why the condition was not completed in the given time frame. At the first hearing, and prior to the circuit court's revocation of Blakney's sentence, Blakney did not dispute the imposition of the condition. However, immediately after the revocation ruling, Blakney asked if he could put on mitigating evidence:
Court: Given that, the Court finds that [Blakney] is in violation of his probation and revokes — and will commit him to the county jail until disposition on this case.
Blakney’s Counsel: Judge, can we offer anything in mitigation?
Court: Um, you want to address bond? Blakney’s Counsel: Yes.
Following this exchange and in the next two hearings, Blakney argued that he was a “square peg in a round hole” during the sex offender treatment because he had to admit to sex offenses when he was not convicted of the same. He further urged the court to take notice of his attempts to complete the treatment since the motion to revoke his suspended sentence was filed. Rather than disputing the imposition of the condition, Blakney's counsel appeared to frame his arguments as an explanation as to why the treatment was not completed. Indeed, at the close of the final hearing, Blakney’s counsel stated: "Judge, at the end of the day what we’re asking you to do is extend him on probation, put him in [a] sex offender treatment program, and he'll either pass or fail.”